ROSE M. PEARDON, APPELLANT, v. ROSWELL C. PEARDON, RESPONDENT

No. 3529

December 22, 1948.                    201 P.2d 337.

*Samuel Platt*, of Reno, for Appellant.

*Brown & Belford*, of Reno, for Respondent.

## OPINION

By the Court, HORSEY, J.:

This appeal is from the special order made after judgment and entered in the minutes of the Second judicial district court of the State of Nevada, in and for the county of Washoe, department 1, on July 31, 1947, denying defendant's motion for leave to file an amended notice of intention to move for a new trial, by including the additional ground of newly discovered evidence, and her motion for an order vacating and setting aside the order denying the motion for a new trial. The motion for a new trial was heard by the district court on August 8, 1946, and denied on October 8, 1946. The abovementioned motion for leave to file an amended notice of intention to move for a new trial was filed on December 31, 1946.

In support of such motion for leave to amend on the ground of newly discovered evidence, certain facts and circumstances are stated in detail in the affidavit of Robert P. Weil, Esq., and in the affidavit of Rose M. Peardon, the defendant and appellant, which disclose that at the time of the hearing of the motion for a new trial, on August 8, 1946, and at the time same was denied, on October 8, 1946, the figures showing the great disparity existing between the amount of taxes Mrs. Peardon had paid and would have to pay on account of Commander Peardon's interest, and the amount of $15,000, which, by the court's decree, Commander Peardon had been required to pay for that purpose, had not become available to Mrs. Peardon. Two reasons are shown by Mr. Weil's affidavit for the unavailability until a later time of the necessary computations:

1. The proceedings in renegotiation of contracts between the Maritime Commission Board and the Electro Protective Corporation, upon which the amounts of payments to Navigation Instrument Company, and, in turn, to the Peardons, because of their interest in the latter

company, depended, were still pending when the motion for a new trial was heard, and also when same was decided. The renegotiation conferences did not result in the preparing by the government of a renegotiation agreement until October 1946. The proposed agreement was not signed by Mrs. Peardon and Messrs. Chapman and Laford until October 17, 1946. It was thereafter executed by the government, and a copy thereof sent to Mr. Weil, attorney for Mrs. Peardon, December 13, 1946.

2. Not until she received a letter dated November 18, 1946, was Mrs. Peardon advised of the basis on which, giving effect to the renegotiation agreement, the Electro Protective Corporation was prepared to settle with Navigation Instrument Company, the Electro offer conveyed by said letter being $355,811.94. It appears that these figures were being considered by Mr. Weil and by Messrs. Peat, Marwick, Mitchell & Co., accountants, on Mrs. Peardon's behalf, up to the date of Mr. Weil's affidavit, December 20, 1946.

The motion to amend by inserting newly discovered evidence as a fourth ground for a new trial was filed December 31, 1946, as aforesaid, which appears to have been as early a date as there was any reasonable certainty as to the figures.

The figures further disclose, according to Mrs. Peardon's affidavit, that for the years 1942 to and including 1946 the aggregate of taxes paid and payable by her on Navigation income distributed and distributable to Commander Peardon was $57,097.58, instead of $15,000 as provided by the district court. It was also shown that, due to the Internal Revenue Department having decided that Mrs. Peardon was liable for the entire tax, the distribution of income according to the district court's findings, conclusions and decree would result in Commander Peardon receiving during or for said period, 1942–1946, $79,490.83 entirely free of income tax liability, and in Mrs. Peardon suffering a deficit of $1,397.10, after payment of the income taxes charged, and chargeable, to her.

Mrs, Peardon, in her affidavit dated the 19th of December 1946, in support of her motion to amend, etc., prayed *in the alternative,* that "if the court is of the opinion that the evidence would not change the result on any new trial, so that the original division of 75% to me and 25% to the plaintiff, after taxes, would be reinstated, I pray that the court resettle the decree by increasing the amount of the reserve from $15,000.00 to $60,000.00. I pray for this *alternative* relief." (Emphasis added.)

It appears that these facts, clearly disclosed, as to net income after taxes, and the great inequality which, in actual operation, had resulted from the district court's findings, conclusions and decree in the divorce action, indicated clearly that the equities in the defendant's favor called loudly for her relief. But, on July 31, 1947, the district court filed its written opinion denying the motion to amend the notice of intention to move for a new trial and to vacate and set aside the former order denying a new trial. The learned trial judge, who also had presided at the hearing upon said motion to amend, etc., in his opinion denied relief principally on technical grounds. This appeal from said order denying said motion to amend and to vacate and set aside, followed.

In the appeal in case No. 3522, the effect of our opinion and decision, filed contemporaneously herewith, 65 Nev. 717, 201 P.2d 309, is to restore the parties to the position they were in, as to property rights, by virtue of and under the assignment of the husband to the wife, dated May 1, 1941, (Ex. "A," a copy of which is attached to defendant's answer and cross-complaint) of all his right title and interest in and to certain inventions and improvements originated by him in connection with the detection of and protection against submarines and torpedoes, together with his interest in a certain agreement dated April 22, 1946, executed between Arthur B. Chapman, Herbert M. Laford and himself, entirely unaffected by the reassignment (Ex. "B," a copy of which is also attached to said answer and cross-complaint) by the wife to the husband, dated September 21, 1943, which later

we have, by said opinion and decision in said case No. 3522, found to be void.

In defendant's (appellant's) brief, in which the arguments as to both appeals are presented, defendant's attorney has prayed, *in the alternative,* for relief by reversal of the order denying the defendant's motion to amend her notice of intention to move for a new trial. It is manifest that both in the lower court and in this court the defendant's principal objective was that the reassignment of September 21, 1943 (Ex. "B") be adjudged to be void, leaving her in the position in which she was placed by the force and effect of the assignment to her, executed by her husband, June 3, 1942 (Ex. "A"). Should we see our way clear to grant the alternative relief prayed for, by reversing the order denying the motion to amend and to vacate the order denying the motion for a new trial, without action upon the principal appeal in case No. 3522, the maximum relief possible would be to permit the defendant to file the amended notice of intention with the additional ground of newly discovered evidence included therein, and to order the setting aside and vacating of the order denying a new trial, and a renewal of the hearing, or a new hearing, upon such motion to amend, etc., with the result problematical. The learned district judge, having already, in ruling upon the original motion for a new trial, definitely passed upon the alleged errors in matters of law pertaining to the district court's findings and conclusions, would, most likely, decline to change his views and former decision in that respect, and if he felt he had any jurisdiction and was willing to grant any relief, he would probably feel constrained to grant only the alternative prayed for, of ordering the plaintiff to pay an additional amount to cover his fair share of the taxes, which might be deemed, by the courts of other states, unenforceable outside the State of Nevada. So, any effective relief as to the inequitable situation of the defendant in the respect above mentioned, by a reversal in case No. 3529, would, for the reasons above stated, be uncertain and

problematical, and the proceedings in the lower court involved would, necessarily, require considerable time. We have felt that, under the circumstances, and especially the existing situation, the defendant is entitled to have us decide the questions she has raised upon her principal appeal from the order denying her motion for a new trial, and we are confident that by so doing the maximum of relief to which she is justly and equitably entitled would be assured to her with certainty and a minimum of delay. We have, accordingly, and contemporaneously herewith, rendered and filed our opinion and decision in case No. 3522.

If, for instance, we determined that there is reversible error in this case, No. 3529, and decided to reverse such order and to remand the case for further proceedings as to the motion to amend, etc., and if the lower court granted a new trial, same would involve a reconsideration, if the learned district judge were so inclined, of the validity of the reassignment by the wife to the husband, executed September 21, 1943 (Ex. "B"), the validity of which has already been determined and decided by us in our companion opinion and decision in case No. 3522. To remand, under the circumstances, would, of course, be entirely inconsistent with our final determination of said question and of other questions involved therein, and different from and inconsistent with the proceedings in the lower court ordered by our said decision in case No. 3522, to implement same and make it effective. This could only lead to complications and confusion. We are confident, from his use of the phrase "in the alternative" in his brief, that no such result was contemplated by the attorney for defendant and appellant, and that he filed and perfected the second appeal merely to seek an alternative remedy in the event that we should decide that we could not grant the major relief sought by the principal appeal in case No. 3522.

We have, therefore, determined and decided, and now hold, that the principal objectives involved upon the appeal in case No. 3529 having been provided for by our

opinion and decision in case No. 3522, including provisions for a readjustment as to distributions of income from Navigation Instrument Company, and of taxes as between the respective parties, the appeal in said case No. 3529 has become, in all essential particulars, moot, and it is, therefore, entirely unnecessary for this court to determine or decide the questions or matters of law involved upon the appeal in said case No. 3529.

EATHER, C. J., and BADT, J., concur.